WILLIAM DUDEN, FREDERICK W. MUSER and RICH-
ARD MUSER, Plaintiffs, v. CLARA WAITZFELDER,
Defendant.

*Pledge to secure loan—irregular sale of, under execution—effect of, when the pledge
is bought in by the pledgee.*

Interest to the amount of $829.53 being due to plaintiffs, upon a bond and mort-
gage given by defendant, it was agreed that a note made by one M. W.,
secured by two shawls, should be taken in payment thereof, which was accord-
ingly done.  The note not being paid judgment was recovered against the
maker and an execution issued, under which the shawls were levied upon and
sold at plaintiffs' store, and bidden in by them for $150.  This action was
brought to recover the balance of the interest from defendant, on the ground
that M. W. was insolvent when the note was given, of which fact plaintiffs were
then ignorant.  The plaintiffs were nonsuited, on the ground that the sale of
the shawls under the execution was irregular.

*Held,* that this was error; that even if the sale were irregular it simply left the
shawls in the hands of plaintiffs as pledgees, and only entitled the defendant
to have the full value of the shawls applied upon the debt.

Motion for a new trial, on exceptions ordered by the court to
be heard in the first instance at General Term.

*D. M. Porter*, for the plaintiffs.

*Lyman Rindskopf*, for the defendant.

Davis, P. J.:

On the 28th of April, 1875, the plaintiffs held a bond, secured
by a mortgage executed by the defendant upon certain premises
in the city of New York.  Interest to the amount of $829.53
had accumulated on said bond and mortgage, which the defendant
desired to have released in order to enable him to transfer the
mortgaged property to a purchaser.  The plaintiffs consented to
release the same on receiving a note for that amount, made by
one M. Waitzfelder, secured by two camels' hair shawls.  The
note was made and the shawls were delivered to the plaintiffs,
and they released the claim for interest on the bond and mort-
gage.  The note not having been paid at maturity, the plaintiffs

brought suit on the same against the maker and recovered judgment for the amount thereof and issued execution to the sheriff, who levied upon the two camels' hair shawls held as collateral security, and sold the same, after due notice, at the store of the plaintiffs', who, through one of their clerks, bid off the shawls for the sum of $150. This action was afterwards brought against the defendant to recover the balance of the interest, on the ground that Waitzfelder, at the time his note was taken, was wholly insolvent and the note was worthless.

At the trial evidence was given showing the recovery of the judgment on the note, the issuing of the execution, and the levy and sale of the shawls thereunder. Evidence was also given tending to show that, at the time of the making of the note, Waitzfelder was insolvent. The deputy-sheriff who made the sale under the execution testified to the levy on the shawls by direction of the plaintiffs' attorney, and that, after the levy, he left the same with the plaintiffs, taking their receipt therefor; that he advertised the sale for the usual period, to be made at the store of the plaintiffs, and sold the same at the advertised time and place at public auction; and he also testified that he regarded the place where the shawls were sold as a good place, because they brought a better price than he could sell them for elsewhere; that it was not unusual to levy on goods and sell them at the place where levied, but that he generally removed goods when levied upon to an auction house for sale.

At the close of the plaintiffs' case the defendant's counsel moved to dismiss the complaint upon the pleadings and proof offered by the plaintiffs. The court said it would hear the plaintiffs upon the question as to whether there was any sale by which the defendant was bound, and after argument, the court granted the motion and dismissed the complaint, and exception was taken.

It is obvious that the court below dismissed the complaint altogether upon the ground that the defendant was not bound by the sale of the shawls as made by the deputy-sheriff. This seems to us to have been a question the determination of which did not dispose of the action. The shawls were held as collateral security for the payment of the note. They were pledges in possession of the pledgee, the title to which remained in the pledgor; but when

the note became due, the possession of the pledge did not suspend the right of the plaintiffs to proceed by action for the recovery of the debt in respect of which the pledge was taken. (*Lawton* v. *Newland*, 2 Stark, 72; *South Sea Co.* v. *Duncombe*, 2 Strange, 919; *Scott* v. *Parker*, 1 Q. B. [41 E. C. L.], 809.) The subsequent acts of the plaintiffs in causing, through their attorney, the levy to be made and the shawls to be sold, may have been irregular as a mode of disposing of the pledge, but as they themselves became the purchasers on the sale, the legal effect would be that the shawls would still remain as pledges in their hands for the payment of the debt, and their liability to account for the same, or to deliver them up on payment of the debt, would remain unaffected by the irregular sale. (Story on Bailment, § 315; *Middlesex Bank* v. *Minot*, 4 Metc., 325; *Jervis* v. *Smith*, 7 Abb. [N. S.], 217.)

This action was brought to recover the original indebtedness of the defendant, on the ground that it was not paid by the note of Waitzfelder, because he was insolvent at the time of the transaction, and because the note was received under a mistake of the parties in respect to his solvency. The answer does not deny that the plaintiffs believed Waitzfelder to have been solvent, and were mistaken as to that fact, but merely denies that the defendant had any knowledge or information sufficient to form a belief as to whether Waitzfelder was insolvent; and it avers that the plaintiffs did not contemplate the solvency of Waitzfelder, but relied solely upon the sufficiency of the securities offered to and accepted by them. It also avers that the plaintiffs could, by reasonable diligence, have ascertained the true pecuniary responsibility of Waitzfelder, but neglected to exercise such diligence. These averments, so far as they are material, are affirmative allegations to be established by the defendant, and do not seem to dispute that Waitzfelder was in fact insolvent, or that the plaintiffs acted under a belief of his insolvency. The evidence in the case tended to show a state of facts which entitled the plaintiffs to go to the jury upon the question of Waitzfelder's insolvency, and of their having mistakenly believed him to be solvent at the time the note was received, a finding upon which, in their favor, would entitle the plaintiffs to recover. (*Roberts* v. *Fisher*, 43 N. Y., 159.)

If the plaintiffs have applied the securities upon the indebted-

ness, as in substance the complaint alleges they have done, and if the mode of application were irregular, the only effect, as it seems to us, would be to entitle the defendant to insist that the application should be for the full value of the shawls. There was enough in their third answer to entitle them to assert this claim, and the ruling of the court, that the sale was irregular and did not bind the defendant, simply opened the question of the value of the shawls for the consideration of the jury upon such evidence as should be given upon that question. It is insisted by the learned counsel for the defendant that the evidence of insolvency was not sufficient. We do not think the defendant is in a position to raise that question, because, if the court below had passed upon that question, *non-constat*, but that the plaintiff could and would have been permitted to have given further evidence upon that issue. We think, however, there was enough upon that issue to have justified sending the case to the jury, and that is sufficient to dispose of the point.

The motion for a new trial should be granted, with costs to abide the event.

INGALLS, P. J., concurred; BRADY, J., taking no part.

Motion for new trial granted, costs to abide event.